UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

SANDRA BIEDRON, )
)
Plaintiff, )
)
v. ) No.
)
THE UNIVERSITY OF CHICAGO, as operator )
of ARGONNE NATIONAL LABORATORY, )
)
Defendant. ) Jury Demand

**COMPLAINT**

NOW COMES Plaintiff, SANDRA BIEDRON, by and through her attorneys, ABRAHAMSON VORACHEK & MIKVA, and complains of Defendant, THE UNIVERSITY OF CHICAGO, as operator of ARGONNE NATIONAL LABORATORY, as follows:

**INTRODUCTION**

1.      Count I of this action alleges sex discrimination and is brought pursuant to Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, §2000e, *et seq.* ("Title VII").    Count II alleges retaliation and is also brought pursuant to Title VII.   Count III alleges violation of the Equal Pay Act of 1963, 29 U.S.C. §206, *et seq.* ("EPA"). Count IV alleges a wilful violation of the Equal Pay Act.

## PARTIES AND JURISDICTION

2.　　Plaintiff Sandra Biedron, a woman, is a resident of Palos Park, Illinois.

3.　　Defendant The University of Chicago is a corporation organized under the laws of the State of Illinois, with its principal place of business in Illinois. It is an employer within the meaning of 42 U.S.C. §2000e, *et seq.* and 29 U.S.C. §206, *et seq.* Defendant operates Argonne National Laboratory ("Argonne"), located in Argonne, Illinois, under Contract No. W-31-109-ENG-38 with the United States Department of Energy.

4.　　This Court has jurisdiction over Counts I and II under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-5(f), as amended by the Civil Rights Act of 1991 (42 U.S.C. 1981A), and pursuant to 28 U.S.C. §§ 1331 and 1343. This Court has jurisdiction over Counts III and IV under the Equal Pay Act, 29 U.S.C. §206(d), and pursuant to 28 U.S.C. §§ 1331 and 1343.

5.　　Venue is proper in the Northern District of Illinois because the incidents complained of herein occurred in this District, and because both Plaintiff and Defendant reside within this District.

6.　　All conditions precedent to jurisdiction have occurred. Plaintiff filed charges of discrimination alleging violation of Title VII with the Equal Employment Opportunity Commission on September 30, 2002. The Notices of Right to Sue were received on March 28, 2003. Copies of the Charges of Discrimination and the Notices of Right to Sue are attached hereto as Exhibits A and B, respectively.

## BACKGROUND

7.　　Plaintiff has been employed by Defendant at the Argonne facility since November 1993, except for a brief period between June and September 1995. She is a scientist and currently

2

works in the Experimental Facilities Division (XFC) of the Advanced Photon Source (APS) organization at Argonne. She received a Ph.D. in Accelerator Physics in December, 2001.

8. In January 2002, an independent report by the Committee on the Status of Women in Physics of the American Physical Society ("the Committee") outlined the many inequities and discrimination to which female scientists employed by Defendant at Argonne have been subjected. For example, the report noted that only 5.7 percent of the scientists at pay grades 705-710 were female (in the eight divisions examined by the investigative team, including the division in which Plaintiff was employed).

9. Plaintiff has consistently performed her job at Argonne satisfactorily, and she has consistently been commended for her work both within and outside Argonne. For example, her area of expertise includes beam physics, and she was requested to present her work at the Accelerator Advisory Committee Review Meetings, an opportunity made available only to those engaged in the best science on beam physics. Plaintiff is an accomplished scientist, having authored numerous papers in professional refereed journals, presented papers at scientific conferences, and been invited to appear at various scientific seminars and meetings.

10. Despite her expertise and consistently strong performance, Plaintiff has continually been treated less favorably than males in terms of pay, job opportunities, and treatment. For example, although Plaintiff performed the same job as a Chief of Operations (CO) as did males, Defendant was only willing to employ her pursuant to a series of contracts (*i.e.*, limited term appointments). Her male counterparts received regular position appointments. Unlike her male peers, Plaintiff's title and compensation did not reflect her position as CO throughout the time she performed those responsibilities..

3

11.     The compensation received by Plaintiff is also less than that of her male peers at Argonne. Moreover, Argonne applied different criteria to Plaintiff and delayed increases in her pay grade. For example, Plaintiff repeatedly requested a promotion to Grade 706. Her requests were denied. Plaintiff's prior supervisor, Antanas Rauchas, stated that a doctorate was required for a pay grade increase and promised Plaintiff that she would be "fast tracked" to Grade 706 as soon as she received her Ph.D., which she did in December 2001. Plaintiff still has not been promoted to Grade 706. Male employees at Argonne without a Ph.D. have been and are classified and paid at the Grade 706 level.

12.     Plaintiff has not received the bonuses provided to her male counterparts at Argonne. For example, Plaintiff has performed significant work on the Low Energy Undulator Test Line ("LEUTL") project. The three males who worked on the LEUTL project received bonuses for their work, while Plaintiff did not.

13.     During Plaintiff's tenure at Argonne, her supervisors made statements which demonstrated a discriminatory animus toward women. For example, when Plaintiff sought tuition reimbursement, she was asked why her husband could not pay for her schooling. Plaintiff's current supervisor asked when she and her husband were going to get down to the "serious business" of having a family.

14.     Plaintiff has been treated differently than her male peers in the manner in which grant monies are distributed at Argonne. For example, although Plaintiff was identified as the primary investigator on one project, the funds for the project were distributed to the secondary investigator, a male. Moreover, unlike her male peers, Plaintiff's funds authority has been more limited.

15.     In 2002, Argonne informed its employees of a restructuring. Plaintiff was told that she was being moved out of the Operations group. She was reassigned to the position of "Scientific

4

Communications Specialist," a largely public relations function. Plaintiff's job description for this position does not allow her to perform scientific work and, therefore, she has been precluded from advancing her career as a scientist. Plaintiff's CO responsibilities were assigned to a male who has only a certificate from a local technical university, does not have the publication record of Plaintiff, and has less international recognition than Plaintiff. Males without the record of scientific accomplishment that Plaintiff has were allowed to remain in scientific positions.

16. Plaintiff was the only female CO in the Operations Group at the time of her transfer to the public relations specialist position and the only person moved out of the Operations Group into a non-scientific position.

17. From about May 2002 on, Plaintiff complained that she was being discriminated against because of her sex. She complained to Cindy Kuzma, a Human Resources representative.

18. On or about June 11, 2002, in a letter to Rauchas, Plaintiff complained about the discriminatory treatment to which she and other female scientists at Argonne were being subjected. Copies of that letter were provided to Efim Gluskin, her new supervisor; J. Murray Gibson, Laboratory Director; and Defendant's Human Resources Department.

19. On or about June 13, 2002, Plaintiff sent a letter to Gluskin describing some of the less favorable treatment she had received in comparison to male scientists at Argonne.

20. In subsequent meetings with Gluskin and Defendant's Human Resources representatives, Plaintiff complained of sex discrimination and the adverse effect on her ability to do her job and her career advancement.

21. Thereafter, the adverse actions and discriminatory conduct against Plaintiff escalated. For example, Plaintiff has again been denied a pay grade increase; denied funding for scientific projects; given lower ratings on performance evaluations than warranted, thereby affecting her salary

and bonuses; denied scientific positions and career opportunities given to males, often because Argonne did not post such positions or did not otherwise notify Plaintiff that such opportunities existed; and moved to a smaller office. As a result of Plaintiff's transfer to the public relations position, her opportunities to advance as a scientist have been effectively curtailed, and her ability to seek promotions to other scientific positions has been virtually eliminated. Plaintiff has never been notified of any corrective action taken by Argonne regarding her complaints of discrimination.

**COUNT I**
**TITLE VII - SEX DISCRIMINATION**

22.     Plaintiff repeats and realleges Paragraphs 1 through 21 as though fully set forth herein.

23.     By the conduct described above, Defendant, acting by and through its agents during the course of and within the scope of their employment, has intentionally discriminated against Plaintiff on the basis of her sex, in violation of Title VII.

24.     As a result of the acts complained of herein, Plaintiff has suffered the loss of wages and benefits, promotional opportunities, humiliation, pain and suffering, future pecuniary losses, inconvenience, and loss of enjoyment of life.

WHEREFORE, Plaintiff prays for judgment in her favor and against Defendant as follows:

a)     that a finding be entered that Defendant intentionally discriminated against Plaintiff in violation of Title VII;

b)     that a finding be entered that Defendant acted with reckless indifference to and disregard for Plaintiff's federal protected rights under Title VII;

c)     that Plaintiff be awarded the wages, benefits and other compensation due to her as a result of Defendant's acts of discrimination;

6

d)      that Defendant be ordered to promote Plaintiff to Grade 706;

e)      that Plaintiff be awarded front pay;

f)      that Defendant be ordered to place Plaintiff in a Grade 706 position which will allow her to work as a scientist;

g)      that Plaintiff be awarded compensatory and punitive damages;

h)      that Plaintiff be awarded prejudgment interest;

i)      that Plaintiff be awarded her reasonable attorneys fees and costs; and

j)      that Plaintiff be awarded such other relief as this Court may deem just and proper.

## COUNT II
## TITLE VII - RETALIATION

25.     Plaintiff repeats and realleges Paragraphs 1-24 as though fully set forth herein.

26.     By engaging in the foregoing conduct, Defendant has and continues to retaliate against Plaintiff for engaging in the federally protected conduct of opposing and objecting to sex discrimination, in violation of Title VII.

27.     By engaging in said retaliatory conduct, Defendant has acted wilfully and with malice and reckless disregard for Plaintiff's rights.

WHEREFORE, Plaintiff prays for judgment in her favor and against Defendant as follows:

a)      that a finding be entered that Defendant acted with reckless indifference to and disregard for Plaintiff's federal protected rights under Title VII;

b)      that a finding be entered that Defendant intentionally discriminated against Plaintiff in violation of Title VII;

c)      that Plaintiff be awarded the wages, benefits and other compensation due to her as a result of Defendant's acts of discrimination;

d)      that Defendant be ordered to promote Plaintiff to Grade 706.

e)      that Plaintiff be awarded front pay;

f)      that Defendant be ordered to place Plaintiff in a position which will allow her to work as a scientist;

g)      that Plaintiff be awarded compensatory and punitive damages;

h)      that Plaintiff be awarded prejudgment interest;

i)      that Plaintiff be awarded her reasonable attorneys fees and costs; and

j)      that Plaintiff be awarded such other relief as this Court may deem just and proper.

## COUNT III
## EQUAL PAY ACT

28.      Plaintiff repeats and realleges Paragraphs 1-24 as though fully set forth herein.

29.      As alleged hereinabove, Defendant repeatedly paid Plaintiff less than the rate paid to male employees for equal work on jobs the performance of which required equal skill, effort, and responsibility, and which were performed under similar working conditions, in violation of the Equal Pay Act.

WHEREFORE, Plaintiff prays for judgment in her favor and against Defendant as follows:

a)      that a finding be entered that Defendant intentionally violated the Equal Pay Act by paying Plaintiff less than male employees;

b)      that Plaintiff be awarded the wages, benefits and other compensation owed to her as a result of Defendant's actions;

c)      that Plaintiff be awarded front pay;

d)      that Plaintiff be awarded prejudgment interest;

e)      that Plaintiff be awarded reasonable attorneys' fees and costs;

f)      that Plaintiff be awarded such other relief as it deems proper.


## COUNT IV
## EQUAL PAY ACT - WILFULNESS

30.     Plaintiff repeats and realleges Paragraphs 1-24 and 28-29 as though fully set forth herein.

31.     As alleged hereinabove, Defendant repeatedly paid Plaintiff less than the rate paid to male employees for equal work on jobs the performance of which required equal skill, effort, and responsibility, and which were performed under similar working conditions, in violation of the Equal Pay Act.

32.     Defendant knew that its actions violated the Equal Pay Act and/or showed reckless disregard for whether its actions were prohibited under the Equal Pay Act.

WHEREFORE, Plaintiff prays for judgment in her favor and against Defendant as follows:

a)      that a finding be entered that Defendant intentionally violated the Equal Pay Act by paying Plaintiff less than male employees;

b)      that Plaintiff be awarded the wages, benefits and other compensation owed to her as a result of Defendant's actions;

c)      that Plaintiff be awarded liquidated damages;

d)      that Plaintiff be awarded front pay;

e)      that Plaintiff be awarded prejudgment interest;

9

f)      that Plaintiff be awarded reasonable attorneys fees and costs; and

g)      that Plaintiff be awarded such other relief as this Court deems just and proper.

Plaintiff demands trial by jury on all counts of the Complaint.

Respectfully submitted,

Darlene A. Vorachek
David A. Hemenway
ABRAHAMSON VORACHEK & MIKVA
120 North LaSalle Street, Suite 1050
Chicago, Illinois 60602
312/263-2698

Attorneys for Plaintiff

DATED:      June 25, 2003

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974: See Privacy act statement before completing this form.

| | AGENCY | CHARGE NUMBER |
|---|---|---|
| X | IDHR | 210A205220 |
| X | EEOC | |

## Illinois Department of Human Rights and EEOC

| NAME (indicate Mr., Ms., Mrs) | HOME TELEPHONE (include area code) |
|---|---|
| Ms. Sandra Biedron | 708/448-1990 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | DATE OF BIRTH |
|---|---|---|
| 11357 McCarthy Road | Palos Park, IL 60464 | 3 /2 /73 |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME *(IF MORE THAN ONE, LIST BELOW)*

| NAME | NUMBER OF EMPLOYEES, MEMBERS 15+ | TELEPHONE (include area code) |
|---|---|---|
| Argonne National Laboratory | | 630/252 -2000 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| 9700 South Cass Avenue | Argonne, IL 60439 | DuPage |

| NAME | | TELEPHONE (include area code) |
|---|---|---|
| University of Chicago | | 773/702-8800 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| 5801 South Ellis Avenue | Chicago, IL 60637 | Cook |

| CAUSE OF DISCRIMINATION BASED ON: sex, retaliation | DATE OF DISCRIMINATION |
|---|---|
| | EARLIEST (ADEA/EPA) LATEST (ALL) / / 9 /30 / 02 |
| | X CONTINUING ACTION |

**RECEIVED EEOC SEP 30 2002 CHICAGO DISTRICT OFFICE**

THE PARTICULARS ARE *(if additional space is needed attach extra sheet(s))*

1. I have worked at Argonne National Laboratory for nine years. I currently work in the Experimental Facilities Division (XFD) of the Advanced Photon Source (APS) organization.

2. I am one of only a few female scientists in the APS organization. For example, of the more than 400 individuals in APS, only about 35 are women at a 700 series grade level.

3. During my tenure at Argonne, I have suffered sex discrimination and retaliation for complaining about discrimination. An independent report by the Committee on the Status of Women in Physics (CSWP), issued in January 2002, outlines the inequities to which female scientists at Argonne have been subjected. That report was provided to Argonne.

| X I also want this charge filed with the EEOC. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY (when necessary for State and Local Requirements) *Julie C. Stevenson* |
|---|---|

I declare under penalty of perjury that the foregoing is true and correct


"OFFICIAL SEAL"
JULIE C. STEVENSON
NOTARY PUBLIC STATE OF ILLINOIS
COMMISSION EXPIRES 03/06/04
Notary Public Seal

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief

| SIGNATURE OF COMPLAINANT | DATE |
|---|---|
| *S. L. Biedron* | 9-30-02 |

X
SUBSCRIBED AND SWORN TO B

EXHIBIT
A

EEOC FORM 5 (6/00)

Page 2 -

4.  I was placed in positions that hurt my advancement and labeled me as filling a lesser position than my male peers. For example, when I served as Chief of Operations (CO), I was not only the sole female CO, but also the only one who was given a term appointment. None of the male COs had term appointments, but were given more established appointments. I was kept as a term appointment for quite some time.

5.  The terms and conditions of my employment as a female scientist were different than those for my male counterparts. Examples are as follows: I was paid less than my male peers. Hurdles were placed in the way of my advancement, such as repeated requests for the same information, which delayed improvement in my job and/or compensation. Grade level increases were delayed or not received at all. Grant monies were not allocated equally between me and my male counterparts. My authority was questioned. I was denied funding and education requests. The response to my request for tuition reimbursement was, "Why can't your husband pay?"

6.  By 2002, I still had not received a grade level increase, which is long overdue. In an April 2002 reorganization, I was moved into a dead end job; I was taken out of my science position and put in a public relations job which eliminated my ability to advance in science and technology.

7.  I complained to Human Resources and others about the history of sex discrimination, the April 2002 reorganization and its negative impact on my career, and the unresolved compensation and grade level increases. Since my complaints, my new supervisor has refused to allow me to include any scientific responsibilities in my job description.

I declare under penalty of perjury that the foregoing is true and correct.

_____          9-30-02
Charging Party (Signature)                  Date

Subscribed and sworn to before me this 30a day of September, 2002.

_____
Notary Public

"OFFICIAL SEAL"
JULIE C. STEVENSON
NOTARY PUBLIC STATE OF ILLINOIS
COMMISSION EXPIRES 03/06/04


Page 3   8.    I believe that I have been discriminated against on the basis of my sex, female, because:

     a)     I am female.

     b)     The terms and conditions of my employment are worse than those of male employees. I have been kept at a lower status and position, with fewer benefits and less compensation, than my male counterparts.

     c)     I have been relegated to a position which will effectively end my career as a scientist, reducing further the number of women in hard science positions.

     9.    I believe that I have been retaliated against for complaining about sex discrimination because:

     a)     I repeatedly complained to my employer about sex discrimination, but nothing was ever done.

     b)     Since my complaints, I have been treated even more poorly by my employer.

I declare under penalty of perjury that the foregoing is true and correct.

_____      9-30-02
Charging Party (Signature)            Date

Subscribed and sworn to before me this 30th day of September , 2002.

_____
Notary Public



"OFFICIAL SEAL"
JULIE C. STEVENSON
COMMISSION EXPIRES 03/06/04

## CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974; See Privacy act statement before completing this form.

| AGENCY | CHARGE NUMBER |
|---|---|
| [X] IDHR | |
| [X] EEOC | 210A20522l |

### Illinois Department of Human Rights and EEOC

| NAME (indicate Mr., Ms., Mrs.) | HOME TELEPHONE (include area code) |
|---|---|
| Ms. Sandra Biedron | 708/448-1990 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | DATE OF BIRTH |
|---|---|---|
| 11357 McCarthy Road | Palos Park, IL 60464 | 3 /2 /73 |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (IF MORE THAN ONE, LIST BELOW)

| NAME | NUMBER OF EMPLOYEES, MEMBERS 15+ | TELEPHONE (include area code) |
|---|---|---|
| Argonne National Laboratory | | 630/252 -2000 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| 9700 South Cass Avenue | Argonne, IL 60439 | DuPage |

| NAME | TELEPHONE (include area code) |
|---|---|
| University of Chicago | 773/702-8800 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| 5801 South Ellis Avenue | Chicago, IL 60637 | Cook |

CAUSE OF DISCRIMINATION BASED ON: sex, retaliation,

| DATE OF DISCRIMINATION | |
|---|---|
| EARLIEST (ADEA/EPA) | LATEST (ALL) |
| / / | 9 /30 / 02 |

[X] CONTINUING ACTION

RECEIVED EEOC
SEP 30 2002
CHICAGO DISTRICT OFFICE

THE PARTICULARS ARE (if additional space is needed attach extra sheet(s))

1. I have worked at Argonne National Laboratory for nine years. I currently work in the Experimental Facilities Division (XFD) of the Advanced Photon Source (APS) organization.

2. I am one of only a few female scientists in the APS organization. For example, of the more than 400 individuals in APS, only about 35 are women at a 700 series grade level.

3. During my tenure at Argonne, I have suffered sex discrimination and retaliation for complaining about discrimination. An independent report by the Committee on the Status of Women in Physics (CSWP), issued in January 2002, outlines the inequities to which female scientists at Argonne have been subjected. That report was provided to Argonne.

[X] I also want this charge filed with the EEOC. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

NOTARY (when necessary for State and Local Requirements)
Julie C. Stevenson

I declare under penalty of perjury that the foregoing is true and correct

"OFFICIAL SEAL"
JULIE C. STEVENSON
NOTARY PUBLIC STATE OF ILLINOIS
COMMISSION EXPIRES 03/06/04

Notary Public Seal

I swear or affirm that I have read the above charge and that it is true (to the best of my knowledge, information and belief

| SIGNATURE OF COMPLAINANT | DATE |
|---|---|
| X | 9-30-02 |

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (Day, month, year)

30/09/02

EEOC FORM 5 (6/00)

Page 2 -

4. I was placed in positions that hurt my advancement and labeled me as filling a lesser position than my male peers. For example, when I served as Chief of Operations (CO), I was not only the sole female CO, but also the only one who was given a term appointment. None of the male COs had term appointments, but were given more established appointments. I was kept as a term appointment for quite some time.

5. The terms and conditions of my employment as a female scientist were different than those for my male counterparts. Examples are as follows: I was paid less than my male peers. Hurdles were placed in the way of my advancement, such as repeated requests for the same information, which delayed improvement in my job and/or compensation. Grade level increases were delayed or not received at all. Grant monies were not allocated equally between me and my male counterparts. My authority was questioned. I was denied funding and education requests. The response to my request for tuition reimbursement was, "Why can't your husband pay?"

6. By 2002, I still had not received a grade level increase, which is long overdue. In an April 2002 reorganization, I was moved into a dead end job; I was taken out of my science position and put in a public relations job which eliminated my ability to advance in science and technology.

7. I complained to Human Resources and others about the history of sex discrimination, the April 2002 reorganization and its negative impact on my career, and the unresolved compensation and grade level increases. Since my complaints, my new supervisor has refused to allow me to include any scientific responsibilities in my job description.

I declare under penalty of perjury that the foregoing is true and correct.

_Sandra G. Baz_                                                   9-30-02

Charging Party (Signature)                                    Date

Subscribed and sworn to before me this 30th day of September, 2002

_Julie C. Stevenson_
Notary Public

"OFFICIAL SEAL"
JULIE C. STEVENSON
NOTARY PUBLIC STATE OF ILLINOIS
COMMISSION EXPIRES 03/06/04

Page 3  8.   I believe that I have been discriminated against on the basis of my sex, female, because:

   a)   I am female.

   b)   The terms and conditions of my employment are worse than those of male employees. I have been kept at a lower status and position, with fewer benefits and less compensation, than my male counterparts.

   c)   I have been relegated to a position which will effectively end my career as a scientist, reducing further the number of women in hard science positions.

   9.   I believe that I have been retaliated against for complaining about sex discrimination because:

   a)   I repeatedly complained to my employer about sex discrimination, but nothing was ever done.

   b)   Since my complaints, I have been treated even more poorly by my employer.

---

I declare under penalty of perjury that the foregoing is true and correct.

_____                    9-30-02
Charging Party (Signature)                        Date

Subscribed and sworn to before me this 30th day of September, 2002

_____
      Notary Public



"OFFICIAL SEAL"
JULIE C. STEVENSON
COMMISSION EXPIRES 03/06/04

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
# NOTICE OF RIGHT TO SUE
(Issued on request)



| To: Sandra Biedron | From: |
|---|---|

**To:** Sandra Biedron

11357 McCarthy Rd.

Palos Park, IL 60464

Certified: 7001 0360 0000 0463 2211 CP Atty.

☐ *On behalf of a person aggrieved whose identity is CONFIDENTIAL (29 C.F.R. 1601.7(a))*

**From:**

**Equal Employment Opportunity Commission**

**500 West Madison**

**Suite 2800**

**Chicago, Illinois 60661**

| Charge Number | EEOC Representative | Telephone Number |
|---|---|---|
| 210A205220 | Nanisa Pereles | (312) 353-8739 |

( See the additional information attached to this form )

**TO THE PERSON AGGRIEVED:** This is your NOTICE OF RIGHT TO SUE. It is issued at your request. If you intend to sue the respondent(s) named in your charge, YOU MUST DO SO WITHIN NINETY (90) DAYS OF YOUR RECEIPT OF THIS NOTICE; OTHERWISE YOUR RIGHT TO SUE IS LOST.

[X] More than 180 days have expired since the filing of this charge.

[ ] Less than 180 days have expired since the filing of this charge, but I have determined that the Commission will be unable to complete its process within 180 days from the filing of the charge.

[X] With the issuance of this NOTICE OF RIGHT TO SUE, the Commission is terminating its process with respect to this charge.

[ ] It has been determined that the Commission will continue to investigate your charge.

[ ] **ADEA:** While Title VII and the ADA require EEOC to issue this notice of right to sue before you can bring a lawsuit, you may sue under the Age Discrimination in Employment Act (ADEA) any time 60 days after your charge was filed until **90 days after you received notice that EEOC has completed action on your charge.**

[ ] **Because EEOC is closing your case,** your lawsuit under the ADEA must be brought within 90 days of your receipt of this notice. Otherwise, your right to sue is lost.

[ ] **EEOC is continuing its investigation.** You will be notified when we have completed action and, if appropriate, our notice will include notice of right to sue under the ADEA.

[ ] **EPA:** While Title VII and the ADA require EEOC to issue this Notice of Right to Sue before you can bring a lawsuit, you already have the right to sue under the Equal Pay Act (EPA) (You are not required to complain to any enforcement agency before bringing an EPA suit in court). EPA suits must be brought within 2 years (3 years for willful violations) of the alleged EPA underpayment.

On Behalf of the Commission

3/26/03
(Date)

John P. Rowe, District Director

Enclosures
   Information Sheet
   Copy of Charge

cc: Respondent(s)          Argonne National Laboratory

EEOC Form 161-B (Test 10/94)

EXHIBIT
B

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

# NOTICE OF RIGHT TO SUE

(Issued on request)

*Rec'd*
*3/28/03*

| To: | Sandra Biedron | From: |
|---|---|---|
| | 11357 McCarthy Rd. | **Equal Employment Opportunity Commission** |
| | Palos Park, IL 60464 | **500 West Madison** |
| | | **Suite 2800** |
| | Certified: 7001 0360 0000 0463 2228 CP Atty. | **Chicago, Illinois 60661** |

[ ] *On behalf of a person aggrieved whose identity is CONFIDENTIAL (29 C.F.R. 1601.7(a))*

| Charge Number | EEOC Representative | Telephone Number |
|---|---|---|
| 210A205221 | Nanisa Pereles | (312) 353-8739 |

( See the additional information attached to this form )

**TO THE PERSON AGGRIEVED:** This is your NOTICE OF RIGHT TO SUE. It is issued at your request. If you intend to sue the respondent(s) named in your charge, YOU MUST DO SO WITHIN NINETY (90) DAYS OF YOUR RECEIPT OF THIS NOTICE: OTHERWISE YOUR RIGHT TO SUE IS LOST.

[X] More than 180 days have expired since the filing of this charge.

[ ] Less than 180 days have expired since the filing of this charge, but I have determined that the Commission will be unable to complete its process within 180 days from the filing of the charge.

[X] With the issuance of this NOTICE OF RIGHT TO SUE, the Commission is terminating its process with respect to this charge.

[ ] It has been determined that the Commission will continue to investigate your charge.

[ ] **ADEA**: While Title VII and the ADA require EEOC to issue this notice of right to sue before you can bring a lawsuit, you may sue under the Age Discrimination in Employment Act (ADEA) any time 60 days after your charge was filed until **90 days after you received notice that EEOC has completed action on your charge.**

[ ] **Because EEOC is closing your case,** your lawsuit under the ADEA must be brought within 90 days of your receipt of this notice. Otherwise, your right to sue is lost.

[ ] **EEOC is continuing its investigation**. You will be notified when we have completed action and, if appropriate, our notice will include notice of right to sue under the ADEA.

[ ] **EPA**: While Title VII and the ADA require EEOC to issue this Notice of Right to Sue before you can bring a lawsuit, you already have the right to sue under the Equal Pay Act (EPA) (You are not required to complain to any enforcement agency before bringing an EPA suit in court). EPA suits must be brought within 2 years (3 years for willful violations) of the alleged EPA underpayment.

On Behalf of the Commission

_____3/26/03_____
(Date)

*John P. Rowe*
John P. Rowe, District Director

Enclosures
  Information Sheet
  Copy of Charge

cc: Respondent(s)          University of Chicago

EEOC Form 161-B (Test 10/94)

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

SANDRA BIEDRON

**DEFENDANTS**

THE UNIVERSITY OF CHICAGO, as operator of ARGONNE NATIONAL LABORATORY

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF ____COOK____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT ____COOK____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED.

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Abrahamson Vorachek & Mikva
120 North LaSalle Street, Suite 1050
Chicago, IL 60602
(312) 263-2698

ATTORNEYS (IF KNOWN)

Winston & Strawn
35 West Wacker Drive
Chicago, IL 60601
(312) 558-5600

DOCKETED
JUN 2 6 2003

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 U.S. Government
Plaintiff

☒ 3 Federal Question
(U.S. Government Not a Party)

☐ 2 U.S. Government
Defendant

☐ 4 Diversity
(Indicate Citizenship of Parties
in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF
(For Diversity Cases Only)                          AND ONE BOX FOR DEFENDANT)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original
Proceeding

☐ 2 Removed from
State Court

☐ 3 Remanded from
Appellate Court

☐ 4 Reinstated or
Reopened

☐ 5 Transferred from
another district
(specify)

☐ 6 Multidistrict
Litigation

☐ 7 Appeal to District
Judge from
Magistrate
Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury — Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury — Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | | | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| | | | | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 220 Foreclosure | ☒ 442 Employment | **HABEAS CORPUS:** | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS — Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act | | |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

42 U.S.C. §2000e and 29 U.S.C. §206(d), claims for sex discrimination, retaliation, and violation of Equal Pay Act.

## VII. REQUESTED IN COMPLAINT

CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ YES ☐ NO

## VIII. This case

☒ is not a refiling of a previously dismissed action.

☐ is a refiling of case number_____, previously dismissed by Judge_____

DATE
6/25/03

SIGNATURE OF ATTORNEY OF RECORD

UNITED STATES DISTRICT COURT

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS

In the Matter of

SANDRA BIEDRON, Plaintiff,
    v.
THE UNIVERSITY OF CHICAGO, as operator of
ARGONNE NATIONAL LABORATORY, Defendant.

FILED-ED4

03 JUN 25 PM 4: 24

CLERK
U.S. DISTRICT COURT

Case Number:

## APPEARANCES ARE HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY(S) FOR:

PLAINTIFF SANDRA BIEDRON

DOCKETED
JUN 2 6 2003

03C 4427

| (A) | | | (B) | | |
|---|---|---|---|---|---|
| SIGNATURE | | | SIGNATURE | | |
| NAME Vicki Lafer Abrahamson | | | NAME Darlene A. Vorachek | | |
| FIRM Abrahamson Vorachek & Mikva | | | FIRM Abrahamson Vorachek & Mikva | | |
| STREET ADDRESS 120 North LaSalle Street, Suite 1050 | | | STREET ADDRESS 120 North LaSalle Street, Suite 1050 | | |
| CITY/STATE/ZIP Chicago, IL 60602 | | | CITY/STATE/ZIP Chicago, IL 60602 | | |
| TELEPHONE NUMBER 312/263-2698 | | | TELEPHONE NUMBER 312/263-2698 | | |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) 03126211 | | | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) 06188818 | | |
| MEMBER OF TRIAL BAR? | YES ☒ | NO ☐ | MEMBER OF TRIAL BAR? | YES ☒ | NO ☐ |
| TRIAL ATTORNEY? | YES ☒ | NO ☐ | TRIAL ATTORNEY? | YES ☒ | NO ☐ |
| | | | DESIGNATED AS LOCAL COUNSEL? | YES ☐ | NO ☒ |
| (C) | | | (D) | | |
| SIGNATURE | | | SIGNATURE | | |
| NAME Lori L. Deem | | | NAME David A. Hemenway | | |
| FIRM Abrahamson Vorachek & Mikva | | | FIRM Abrahamson Vorachek & Mikva | | |
| STREET ADDRESS 120 North LaSalle Street, Suite 1050 | | | STREET ADDRESS 120 North LaSalle Street, Suite 1050 | | |
| CITY/STATE/ZIP Chicago, IL 60602 | | | CITY/STATE/ZIP Chicago, IL 60602 | | |
| TELEPHONE NUMBER 312/263-2698 | | | TELEPHONE NUMBER 312/263-2698 | | |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) 06255822 | | | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) 06216227 | | |
| MEMBER OF TRIAL BAR? | YES ☐ | NO ☒ | MEMBER OF TRIAL BAR? | YES ☒ | NO ☐ |
| TRIAL ATTORNEY? | YES ☐ | NO ☒ | TRIAL ATTORNEY? | YES ☒ | NO ☐ |
| DESIGNATED AS LOCAL COUNSEL? | YES ☐ | NO ☒ | DESIGNATED AS LOCAL COUNSEL? | YES ☐ | NO ☒ |

1-3